**MARRON LAWYERS, APC**
Paul B. Arenas (SBN 167863)
parenas@marronlaw.com
3711 Long Beach Blvd., Suite 601
Long Beach, CA 90807
(562) 432-7422 Telephone
(562) 683-2721 Facsimile

Attorneys for Plaintiff
De Well Container Shipping, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| DE WELL CONTAINER SHIPPING, INC., <br><br> Plaintiff, <br><br> v. <br><br> SENTIMENTS, INC.; SHOHREH DADBIN; and BENJAMIN ALEX DADBIN, <br><br> Defendants. | Case No: 2:19-cv-3200 <br><br> **COMPLAINT** |

De Well Container Shipping, Inc. ("De Well" or "Plaintiff"), by and through its undersigned attorneys alleges in its Complaint against Sentiments, Inc. ("Sentiments") Shohreh Dadbin and Benjamin Alex Dadbin ("Ben Dadbin"), as follows:

## **PARTIES**

1. De Well is a California corporation with its principal place of business at 5553 Bandini Blvd, Bell, CA 90201.

///

///

2. De Well is a licensed non-vessel-operating common carrier ("NVOCC") that provides transportation and logistics services for entities shipping cargo.

3. Sentiments is California corporation that sells pet products. Its principal place of business is 5635 Smithway Street, Los Angeles, CA 90040.

4. Shohreh Dadbin is the Chief Executive Officer and a principal of Sentiments.

5. Benjamin Alex Dadbin is a principal of Sentiments.

## JURISDICTION AND VENUE

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

7. This Court has subject matter jurisdiction over the case under Title 28 U.S.C. § 1333.

8. Personal jurisdiction and venue are proper in this court because the bills of lading under which the cargo at issue moved have contractual provisions that all disputes related to the bills of lading may only be instituted in the United States District Court for the Central District of California, which shall have exclusive jurisdiction and venue over such disputes.

9. The bills of lading terms and condition further provides that De Well and the Defendants are personally subject to the jurisdiction of this Court.

## FACTS

10. De Well provided ocean transportation and logistics services for Sentiments on numerous shipments from 2012 to the end of 2018.

### De Well Bills of Lading

11. The goods at issue moved under De Well bills of lading.

12. Sentiments was identified as the Consignee on the De Well bills of lading under which the cargo moved.

13. The Terms and Conditions of De Well's bills of lading provide, *inter alia*, that the consignee, and its principals, are liable for the payment of all freight and charges associated with the shipments. *See* Combined Transport Bill of Lading Terms and Conditions at ¶ 16.4, attached as Exhibit A.

14. The Terms and Conditions of De Well's bills of lading provide, that interest accrues at the rate of 1 ½% per month from the date when freight and related charges are due. *Id.* at ¶ 16.2.

15. The consignee is also responsible for all demurrage, detention or similar charges. *Id.* at ¶ 16.3.

16. The consignee and its principals are liable to De Well for the expenses of collection and litigation, including reasonable attorneys' fees in seeking to collect amounts due. *Id.* at ¶ 16.4.

17. De Well fully performed its obligations under the contracts at issue.

18. De Well submitted invoices for its services in the ordinary course of business to Sentiments.

19. Sentiments and its principals have failed to pay such invoices. The amount of the unpaid transportation and logistics services is in excess of $294,444.06 in principal. The interest currently owed is $15,341.55 as of April 8, 2019, which amount continues to accrue at the rate of $147.22 per day. (A spreadsheet reflecting the amounts owed pursuant to the bill of lading contracts and the Credit Agreement is attached as Exhibit B.)

**Credit Agreement**

20. Shohreh Dadbin and De Well entered into a Credit Agreement and Application on October 12, 2012. *See* Credit Agreement, Exhibit C.

21. Pursuant to the Credit Agreement, Shohreh Dadbin agreed to pay interest on unpaid De Well invoices, costs, fees and other charges at the rate of 2% per month (24% per year).

22.     Shohreh Dadbin also is contractually obligated to pay all unpaid freight and charges, including demurrage, detention, per diem, storage and other charges incurred by De Well.

23.     In the Credit Agreement, Shohreh Dadbin represented that she had read, understood and agreed to all of the terms and conditions of the Credit Agreement and to the De Well bill of lading terms and conditions.

24.     Shohreh Dadbin owes De Well in excess of $294,444.06 in principal, plus interest at the rate of 2% per month, pursuant to the terms of the Credit Agreement.  The interest currently owed is $20,455.40 as of April 8, 2019, which amount continues to accrue at the rate of $196.30 per day.

25.     Despite demand having been made, Shohreh Dadbin has refused to pay De Well the in excess of $318,994.06 it is owed.

## COUNT I - BREACH OF BILL OF LADING CONTRACT
## (SENTIMENTS, SHOHREH DADBIN, and BEN DADBIN )

26.      De Well incorporates paragraphs 1 through 25 above as if fully set forth herein.

27.     Sentiments is contractually obligated to pay for transportation and logistics services provided by De Well.

28.     De Well has fully performed pursuant to the bill of lading contracts at issue.

29.     Shohreh Dadbin is the Chief Executive Officer of Sentiments and a principal of Sentiments.

30.     Ben Dadbin is a principal of Sentiments.

31.     As principals of Sentiments, Shohreh Dadbin and Ben Dadbin are jointly and severally liable for the payment of all freight and charges associated with the shipments at issue.

///

32. The amounts owed by Sentiments, Shohreh Dadbin and Ben Dadbin are in excess of $294,444 in principal and $15,341.55 in interest.

33. Sentiments and its principals, Shohreh Dadbin and Ben Dadbin, are liable to De Well for the expenses of collection and litigation, including reasonable attorneys' fees incurred in seeking to collect amounts due.

34. Despite demand having been made, Sentiments, Shohreh Dadbin and Ben Dadbin have failed to pay the amounts due and owing to De Well.

## COUNT II - BREACH OF TERMS OF CREDIT AGREEMENT
## (SHOHREH DADBIN)

35. De Well incorporates paragraphs 1 through 34 above as if fully set forth herein.

36. Shohreh Dadbin and De Well entered into a Credit Agreement and Application on October 12, 2012.

37. Pursuant to the Credit Agreement, Shohreh Dadbin agreed to pay freight and related charges owing to De Well, as well as interest on unpaid De Well invoices, costs, fees and other charges at the rate of 2% per month (24% per year).

38. Shohreh Dadbin is contractually obligated to pay all unpaid freight and charges, including demurrage, detention, per diem, storage and other charges incurred by De Well.

39. De Well has fully performed the transportation and logistics services at issue.

40. Shohreh Dadbin owes De Well in excess of $294,444.06, plus interest in the amount of $20,455.40, which continues to accrue at the rate of 2% per month.

41. Despite demand having been made, Shohreh Dadbin has refused to pay De Well the amounts it is owed.

///

///

**WHEREFORE**, De Well seeks:

A. $294,444.06 in principal and $15,341.55 in interest, which interest continues to accrue at the rate of 1½% per month, from Sentiments, Shohreh Dadbin and Ben Dadbin, who are jointly and severally liable for such charges pursuant to the bill of lading contracts at issue;

B. Reasonable attorneys' fees and costs of collection incurred by De Well from Sentiments, Shohreh Dadbin and Ben Dadbin, pursuant to the bill of lading contracts;

C. $294,444.06 in principal and $20,455.40 in interest, which interest continues to accrue at the rate of 2% per month, from Shohreh Dadbin, pursuant to the Credit Agreement between Shohreh Dadbin and De Well; and

D. Such other relief as this Court deems just and proper.

Dated: April 23, 2019                              MARRON LAWYERS, APC

By: /s/Paul B. Arenas
Paul B. Arenas
Counsel for Plaintiff
*DE WELL CONTAINER SHIPPING CORP.*